United States District Court
Southern District of Texas
**ENTERED**
February 14, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD JOSE PEREIRA BETANCOURT, | § § § § § | CIVIL ACTION NUMBER 4:26-cv-00582 |
| Petitioner, | | |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| GRANT DICKEY, *et al*, Respondents. | § § § | |

ORDER

Petitioner Ronald Jose Pereira Betancourt filed a petition for writ of *habeas corpus* under 28 USC §2241 on January 26, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention under 8 USC §1225(b) is unlawful. He contends that any detention should instead proceed, if at all, under 8 USC §1226(a), which may entitle him to a bond hearing. Dkt 1 at ¶17. Respondents are sued in their official capacity as officers or employees of the United States and are collectively referred to as *the Government*.

In response, the Government moved to dismiss the petition. Dkt 6. It maintains that because Petitioner overstayed his visa, he is subject to §1226(a) and thus, eligible for a bond hearing. Id at 1. But it maintains the petition should be denied for failure to exhaust administrative remedies prior to initiating this action.

It is well settled that a "person seeking *habeas* relief must first exhaust available administrative remedies." *Hinojosa v Horn*, 896 F3d 305, 314 (5th Cir 2018). But any exhaustion requirement is prudential, as no statutory proscription is cited in this context. See *Covarrubias v*

*Vergara*, 2025 WL 2950096, \*6 (SD Tex). And the Fifth Circuit holds that exceptions to exhaustion are appropriate where the available administrative remedies are (i) unavailable, (ii) wholly inadequate, (iii) patently futile, or (iv) when a constitutional challenge is advanced that is unsuitable for determination in an administrative proceeding. See *Fuller v Rich*, 11 F3d 61, 62 (5th Cir 1994); *Garner v US Department of Labor*, 221 F3d 822, 825 (5th Cir 2000).

By those lights, exhaustion doesn't bar relief here. The petition reflects Petitioner's understanding that he is detained pursuant to §1225(b)(2), not §1226(a). See Dkt 1. That belief is unsurprising given the volume of recent immigration *habeas* cases in which the Government asserts §1225(b)(2) at the outset as the operative detention authority and, on that basis, categorically denies bond hearings. To the extent Petitioner reasonably believed he was detained under §1225(b)(2), any exhaustion requirement would have been waived. See *Montoya Cabanas v Bondi*, 2025 WL 3171331, \*3 (SD Tex). In addition, regardless of whether meritorious, Petitioner asserts constitutional due process claims that aren't amenable to administrative review. As such, failure to request a bond hearing in these circumstances shouldn't be counted as an impermissible failure to exhaust administrative remedies.

On the merits, and to its credit, the Government now concedes that Petitioner is subject to §1226(a) and is thus eligible for a bond hearing. Dkt 6.

The petition for a writ of *habeas corpus* is thus GRANTED. Dkt 1.

Respondents are ORDERED to provide Petitioner with a bond hearing by February 25, 2026, or release him.

The parties are further ORDERED to update the Court on the status of his bond hearing no later than February 27, 2026.

SO ORDERED.

Signed on February 13, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge